# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _R.g._ D.C.

05 AUG 26 PM 3: 40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| FITEC INTERNATIONAL, INC.,<br>a Tennessee corporation, | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| vs. | ) ) ) | CAUSE NO. 2:04CV2326-D/V |
| PAUL C. ARDERN, an individual<br>resident of the state of Florida, | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | |

## STIPULATED PROTECTIVE ORDER

By agreement of the parties and for good cause the Court finds that a protective order should be entered pursuant to Federal Rules of Civil Procedure Rule 26(c) for the purpose of protecting commercial and confidential information of the parties as follows:

**IT IS HEREBY ORDERED THAT:**

1.      This Order shall apply to all information supplied during discovery in this action that shall be designated by the party or person producing it as "Confidential". This Order shall not apply to information that, before disclosure, is either properly in the possession or knowledge of the party to whom such disclosure is made or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge, other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order. This Order does not govern

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8/6/05_

proceedings during trial, nor does it prohibit either party from seeking a Protective Order to govern proceedings at trial.

2.     If an exhibit or pleading; interrogatory answer, or admission (hereinafter collectively referred to as "discovery response"); production document or thing, or any other document or thing (hereinafter collectively referred to as "documents or things"); or a deposition transcript or other transcript of testimony (hereinafter collectively referred to as "transcript testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or transcript testimony shall be designated "Confidential" by the party contending there is confidential information therein. The designation or non-designation of material as Confidential Information does not alter or enhance the nature of that Confidential Information or its confidentiality or non-confidentiality or create a presumption of confidentiality or non-confidentiality.

3.     "Confidential Information" is information in oral, written or electronic form which the producing party deems to contain confidential business or trade secret information, including but not limited to such information that concerns or is related to marketing, sales shipments, purchase, transfers, identification of customers, costs, prices, profits, losses, expenditures, trade secrets, processes, product specifications and requirements, style of work, operations, research, technical or developmental information, know-how, apparatus, or other commercial information the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained or its disclosure would be violative of an obligation of confidentiality to a third person, including another Court. No item shall be deemed Confidential Information if it is disclosed in a printed publication or publicly disclosed in written, oral or electronic form, was known to the receiving party without

2

obligation of confidentiality prior to its disclosure by the producing party, or is or comes to be known to the receiving party through means not constituting a breach of this Order.   The designating party shall not designate any item as containing Confidential Information without a good faith belief thereof.   Notwithstanding any other provisions of this Order, the party producing the Confidential Information may choose to withdraw its designation as Confidential Information by doing so at any time in writing.   As a general guideline, a document should be designated "Confidential" when it contains confidential, technical, or other information that may be reviewed pursuant to paragraph 8 by the receiving party, technical experts, and other representatives, but must be protected against disclosure to third parties.

4.   All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Confidential."  If a copy of any such documents is requested after inspection, the document shall be deemed "Confidential" only if so labeled or marked upon copying in conformity with paragraph 2 herein, with access and dissemination limited as set forth in paragraphs 8-12.

5.   Information disclosed at a deposition or other testimony may be designated as "Confidential" at the time of such deposition or at the time such other testimony is given. Arrangements with the reporter shall be made by the designating party to label those portions of the transcript as provided in paragraph 2 and as subject to this Protective Order.  Additionally, information disclosed during a deposition or other testimony may be designated as "Confidential" by notifying the other party, in writing, within thirty (30) business days after receipt of the transcript, of the specific pages of the transcript that should be so designated and treated.   Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of thirty (30) days after their receipt by

3

the designating party, and during such period the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 8-12 herein to review documents or materials designated "Confidential" on behalf of that non-designating party.

6.     (a) Any Confidential Information, including any portion of a transcript containing any Confidential Information, submitted to the Court in connection with a motion or other proceeding within the purview of this litigation shall be submitted in confidence and under seal. All such Confidential Information shall be placed in a sealed envelope or other container bearing the caption of the case, a brief general identification of the Confidential Information contained in the envelope or container and the notice: "FILED UNDER SEAL – Confidential Information Subject to Protective Order Entered _____." At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and order of the court, a party may use any Confidential Information for any purpose, provided that sixty (60) days prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Order and that the court employees be advised as to the terms of this Order.

(b)     If any counsel should conclude that for the purposes of this action they need to disclose any Confidential Information to any persons other than those identified in Paragraph 8, they may request permission to do so (for specified documents) from counsel for the party asserting confidentiality. If counsel cannot agree as to the disposition of such a request, or if any party objects to the classification of any materials as Confidential Information at any time during the pendency of this case, that party shall give written notice of its objection to the

4

other party. Within ten (10) business days after such notice is made, the parties shall confer and in good faith attempt to resolve their differences. If they are unable to resolve their differences within that time, either party may apply to this Court for appropriate relief at any time. The receiving party shall bear the burden of asserting that it was possessed of the subject Confidential Information prior to disclosure by the producing party, or that the materials were acquired or developed independently, or that the materials are public knowledge, and shall have the burden of making such a showing in support of its position. During the time the Court considers any such request, the Confidential Information shall continue to be withheld from any such persons, and treated as Confidential Information in accordance with this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

(c)    During the deposition of any party producing any document designated as Confidential Information, such document may be shown without consent to: (1) the producing party; (2) any employee or officer of the producing party; or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or in part, or who received the Confidential Information prior to the initiation of this litigation, subject to the provisions of paragraph 5 herein, when such designated document is so used.

(d)    Any other discovery based upon Confidential Information or disclosing the contents thereof which is designated as Confidential Information by counsel to the party testifying, any information set forth in or derived from said information marked as Confidential Information as set forth above, any pleadings, affidavits or other papers filed with the Court to the extent that they disclose such information or portions thereof, and any summaries or notes

5

including Confidential Information prepared from said information marked as Confidential Information, shall be subject to the same restrictions regarding disclosure as such Confidential Information, and if submitted to the Court shall be submitted only as provided in (a) above.

7.     All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. It is, however, understood that counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the opposing party.

8.     Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to trial counsel for either party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     Independent experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, and pursuant to the provisions of paragraph 10 hereof;

(b)     Court reporter(s) and other court officials employed in this action; and

(c)     Any other persons as to whom the parties in writing agree, and who have acknowledged in writing, by signing a document in the form of Appendix A attached hereto, notice of execution to be served on the producing party, that he or she is fully conversant with the terms of this Order and agrees to comply with and be bound by its terms.

9.     For the purpose of this Order, an "independent expert or consultant" shall be defined as a person who is not an employee of a party or scheduled to become an employee in

6

the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

10.   The procedure for having an independent expert or consultant approved for access to information designated as Confidential Information shall be as follows:

(a)   The party seeking to have an independent expert or consultant, as defined in paragraph 10 hereof, approved shall provide the producing party with:

  i.   The name of the person;

  ii.   The present employer and title of the person;

  iii.   An up-to-date curriculum vitae; and

  iv.   A written acknowledgement, in the form of Appendix A, signed by the person for whom approval is sought, that the person has read this Stipulated Protective Order and agrees to be bound by its terms.

(b)   Within ten (10) business days after mailing (via overnight delivery) or facsimile, the information described in paragraph 10, subparagraph (a), including a copy of the written acknowledgement, the producing party may object to the person proposed for approval upon reasonable basis therefore.  Failure to object within this ten (10) business day period to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.  During this ten day period, and/or if objection is made, no Confidential Information shall be disclosed to the designated person until approval by the producing party, the producing party withdraws his objection, or until the provisions of subparagraph (c) of this paragraph have been complied with.

(c)   If the producing party so objects, the producing and requesting parties shall, within ten (10) business days from the date of the mailing of notice of objection, confer and

attempt to resolve the dispute.  At that conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person.  If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an appropriate Order.  The burden is on the producing party to demonstrate good cause why said Confidential Information may not be shown to the proposed expert or consultant. Such motion must be made within ten (10) business days following the conference, or, if no conference takes place, within ten (10) business days from the date of the mailing of the notice of objection.  Any such motion shall be set for the earliest possible date on the Court's motion calendar and shall not be continued without the consent of all parties.  If no such motion is made in such time and manner, Confidential Information may be disclosed to the designated person under the conditions stated in this Order.  If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

11.    It is understood and agreed that if, pursuant to this Order, a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rules of Civil Procedure Rule 26(b).

12.    As used in this Protective Order, "trial counsel" refers exclusively to the following:

For Plaintiff:

Butler, Snow, O'Mara, Stevens & Cannada, PLLC, and any other attorneys that have been or may be retained on its behalf, including outside counsel who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, employees,

8

independent translators, trial consultants (and any mock jurors or focus groups not including party employees working with the trial consultants) or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision;

<u>For Defendant:</u>

Glassman, Edwards, Wade & Wyatt, P.C.,

~~Todd B. Murrah~~ and any other attorneys that have been or may be retained on its behalf, including outside counsel who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, employees, independent translators, trial consultants (and any mock jurors or focus groups not including party employees working with the trial consultants) or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision.

<u>Others:</u>

And to such additional attorneys, including members of in-house legal staff for either party, agreed upon the parties, such agreement not to be unreasonably withheld, or ordered by the Court.

13. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the provisions of paragraph 5 herein. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order.

14.     If any Confidential Information which is produced in accordance with paragraph 8 above is produced by a nonparty to this litigation, such a nonparty shall be considered a "producing party" as that term is used in the context of this Order.  In the event any nonparty having possession, custody, or control of any Confidential Information receives a subpoena (or other process or Order) to produce such information, and either the nonparty recipient of the subpoena or the non-issuing party advises the attorney issuing the subpoena that the information being requested is, and/or has otherwise been designated "Confidential," the attorney issuing the subpoena agrees to maintain the status of the information produced by the subpoenaed party as Confidential Information pursuant to this Protective Order as if the information was produced by a party.  Any disputes concerning the designation or production of Confidential Information by a nonparty shall be governed in accordance with paragraph 6(b) and/or the Federal Rules of Civil Procedure Rule 45.

15.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

16.     Notwithstanding anything else to the contrary herein, if a party through inadvertence or mistake produces or provides discovery of any Confidential Information, either without designating it with a "Confidential" legend or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party or parties that the exhibit, pleading, discovery response, document or thing, memorandum, or transcript testimony contains Confidential Information and should be treated as such in accordance with the applicable provisions of this Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party or parties shall return said unmarked or

10

mismarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, memorandums, or transcript testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the nonproducing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or other distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

17.     It is not the intention of this Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or Protective Orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18.     Neither the taking of, nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secrets or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to

11

discovery on the grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

19.     This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party to this Order, or as to any third party, with respect to any Confidential Information.   The fact that information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.   This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not Confidential Information; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case; provided than in doing so the party complies with the foregoing procedures.

20.     The terms of this Order are applicable to Confidential Information produced by a non-party.

21.     With respect to documents designated "Confidential," any person indicated on the face of the document to be its originator, author, or a recipient thereof, may be shown the same.

22.     Within ninety (90) days following the conclusion of this litigation, either by final judgment or by a judgment from which no appeal is taken all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's files), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.

23.    The restrictions provided for the above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court; provided, however, that this Order shall not be construed: (a) to prevent any party hereto or its respective trial counsel from making use of information that was lawfully in its possession before the approval by the Court of this Order; (b) to apply information that specifically appears in issued patents or printed publications through no fault of the nonproducing party; (c) to apply information that the other party or its trial counsel lawfully obtains from a third party having the right to disclose such information; (d) to apply information developed independently by a party; or (e) to apply information that is in the public domain before the date of entry of this Order or subsequently becomes part of the public domain through no act of a nondesignating party.

24.    All documents and things marked as Confidential Information and covered by this Protective Order shall be kept only by those permitted access herein, and in such a manner as to protect against disclosure to those not permitted access to such confidential documents and things.

25.    Upon the signing of this Order by the Judge, this Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective *nunc pro tunc* to the date of such party's signature.

26.    This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided therein.

27.    This Protective Order shall survive the termination of this action.

So Stipulated,

On behalf of the Plaintiff,

13

Date: 8/22/05

John R. Branson, #10913
Mason W. Wilson, #23968
*Attorneys for Plaintiff*
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Crescent Center, Suite 500
6075 Poplar Avenue
Memphis, TN  38119


On behalf of the Defendant,

Date: 8/17/05

Todd B. Murrah, Esq.
*Attorney for Defendant*
GLASSMAN, EDWARDS, WADE & WYATT, P.C.
26 North Second Street
Memphis, TN 38103



**SIGNED AND ENTERED** this 26 day of August , 2005.

JUDGE

14

## APPENDIX "A" TO PROTECTIVE ORDER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| **FITEC INTERNATIONAL, INC.,** a Tennessee corporation, | ) ) ) | |
| **Plaintiff/Counter-Defendant,** | ) ) ) | **CAUSE NO. 2:04CV2326-D/V** |
| **vs.** | ) ) ) | |
| **PAUL C. ARDERN, an individual** resident of the state of Florida, | ) ) ) | |
| **Defendant/Counter-Plaintiff.** | ) ) | |

## DECLARATION OF _____

I, _____, represent that I have been provided and have

read the Protective Order entered in the above-captioned litigation, and that I will abide by its

terms and conditions in handling designated Confidential Information, and will not disclose,

except in accordance with terms of the Order, any information, materials or knowledge received

in the course of my work in this matter which is subject to the terms of the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.


Date: _____

Signature: _____

Print Name: _____

Address: _____

15

MEMPHIS 170756v1

16

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02326 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Paul C. Ardern
133 E. 21st St.
Riviera Beach, FL 33404

Mason W. Wilson
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

David Curry Riley
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Todd B. Murrah
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Honorable Bernice Donald
US DISTRICT COURT